UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVE RAUSCH,<br><br>    Plaintiff,<br><br>    v.<br><br>DR. MOORE, et al.,<br><br>    Defendants. | Case No. 1:21-cv-00502-AWI-EPG (PC)<br><br>ORDER GRANTING PLAINTIFF'S *EX PARTE* APPLICATION FOR A 45-DAY EXTENSION OF TIME TO SERVE SUMMONS AND COMPLAINT<br><br>(ECF No. 29.) |

Plaintiff Steve Rausch ("Plaintiff") is proceeding through counsel in this action pursuant to 42 U.S.C. § 1983 for violations of Plaintiff's Eighth and Fourteenth Amendment rights. Before the Court is Plaintiff's *ex parte* application for a 45-day extension of time to serve Defendant Dr. Moore with the summons and complaint. (ECF No. 29.)

Plaintiff initially commenced this case on March 24, 2021, by filing a complaint against the United States of America pursuant to the Federal Tort Claims Act and 42 U.S.C. § 1983. (ECF No. 1.) The United States subsequently filed a motion to dismiss, and Plaintiff filed a First Amended Complaint naming Dr. Moore and six unknown individuals as defendants. (ECF Nos. 14, 24.) The United States was dismissed from the case pursuant to the parties' stipulation. (ECF Nos. 25, 26.) On November 12, 2021, the Clerk of Court issued summons as to Dr. Moore. (ECF No. 28.)

///

Plaintiff filed his *ex parte* application for an extension of time to serve Dr. Moore on February 10, 2022. (ECF No. 29.) According to the application, Plaintiff was unaware of Dr. Moore's first name at the time the First Amended Complaint was filed, but received documents on December 2, 2021, identifying Dr. Moore as Dr. Thomas Moore. (*Id.*) However, Plaintiff still does not have his contact information and does not know where to serve him. (*Id.*) Plaintiff "may need to hire a professional investigator to locate him." (*Id.*)

Under Federal Rule of Civil Procedure 4(m), "If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). However, "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." *Id.*

Having considered the request, the Court will grant Plaintiff a 45-day extension of time to serve Dr. Moore. However, no further extensions will be granted absent good cause, which will be narrowly construed. If Plaintiff requests any further extensions of the service deadline, he must show that he has been diligent in attempting to serve Dr. Moore and should explain all steps that he has taken to accomplish service.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's *ex parte* application for an extension of time to serve Defendant Dr. Moore with the summons and complaint (ECF No. 29) is granted;
2. Plaintiff shall serve Defendant Dr. Moore with the summons and First Amended Complaint on or before **March 28, 2022.**

IT IS SO ORDERED.

Dated:  **February 11, 2022**          /s/ Erica P. Grosjean
                                       UNITED STATES MAGISTRATE JUDGE

2