UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVE RAUSCH,<br><br>    Plaintiff,<br><br>v.<br><br>DR. MOORE, et al.,<br><br>    Defendants. | Case No. 1:21-cv-00502-AWI-EPG (PC)<br><br>**ORDER FOR PLAINTIFF TO SHOW CAUSE WHY DEFENDANT DR. MOORE SHOULD NOT BE DISMISSED WITHOUT PREJUDICE FOR FAILURE TO COMPLETE SERVICE**<br><br><u>FOURTEEN (14) DAY DEADLINE</u> |

    Plaintiff Steve Rausch ("Plaintiff) is proceeding through counsel in this action pursuant to 42 U.S.C. § 1983. For the following reasons, the Court orders Plaintiff to show cause why Defendant Dr. Moore should not be dismissed without prejudice for failure to timely complete service on this defendant.

    Plaintiff initially commenced this case on March 24, 2021, by filing a complaint against the United States of America pursuant to the Federal Tort Claims Act and 42 U.S.C. § 1983. (ECF No. 1.) The United States subsequently filed a motion to dismiss, and Plaintiff filed a First Amended Complaint naming Dr. Moore and six unknown individuals as defendants. (ECF Nos. 14, 24.) The United States was dismissed from the case pursuant to the parties' stipulation. (ECF Nos. 25, 26.) On November 12, 2021, the Clerk of Court issued summons as to Dr. Moore. (ECF No. 28.) On February 10, 2022, Plaintiff filed an *ex parte* application for an extension of time to serve Dr. Moore. (ECF No. 29.) On February 11, 2022, the Court issued an order granting the application and directing Plaintiff to serve Dr. Moore with the summons and First Amended

1

Complaint by March 28, 2022. (ECF No. 32.) To date, Plaintiff has not filed a return of service demonstrating that he has served the summons and complaint on Dr. Moore, nor has Dr. Moore filed a waiver of service.

Under Federal Rule of Civil Procedure 4(m), "If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). However, "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." *Id.*

Accordingly, Plaintiff is ORDERED to show cause why this action should not be dismissed for failure to timely serve Defendant Dr. Moore as required under Federal Rule of Civil Procedure 4(m). <u>Within fourteen (14) days of entry of this order</u>, Plaintiff shall file either: (1) a return of service showing that service on Dr. Moore is complete; or (2) a response to this Order to Show Cause otherwise demonstrating the Plaintiff has completed service on Dr. Moore as required by Federal Rule of Civil Procedure 4 or has good cause for failing to complete service.[1]

**Plaintiff is cautioned that failure to respond to this Order to Show Cause may result in the dismissal of Defendant Dr. Moore.**

IT IS SO ORDERED.

Dated:   **March 30, 2022**          /s/ Erica P. Grosjean
                                    UNITED STATES MAGISTRATE JUDGE

---

[1] Plaintiff is reminded that, as stated in the Court's February 11, 2022 order, any requests for further extensions must be supported by a showing that Plaintiff has been diligent in attempting to serve Dr. Moore, including an explanation of all steps that he has taken to accomplish service. (ECF No. 32.)